124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nancy Elaine YBARRA, Appellee,
v.
ROCKWELL INTERNATIONAL CORPORATION; Donald W. Henry,
Trustee; Chapter 7 Trustee, Appellants.
 No. 96-55203.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 8, 1997**
Sept. 17, 1997.
 
 1
 Appeal from the Ninth Circuit, No. CC-94-01264-BHO; Bankruptcy Appellate Panel Brandt, Hagan, Ollason, Judges, Presiding.
 
 
 2
 Before HALL and T.G. NELSON, Circuit Judges, and WINMILL, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Rockwell International Corporation ("Rockwell") and successor Chapter 7 Trustee Alfred Siegel (the "Trustee") appeal the Bankruptcy Appellate Panel's ("BAP") reversal of the bankruptcy court's decision to deny Chapter 7 debtor Nancy Elaine Ybarra ("Ybarra") a claim of exemption under 11 U.S.C. § 522(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 158(d). We affirm.
 
 
 5
 Neither Rockwell nor the Trustee claims that the BAP erred in its interpretation of § 522(g). Instead, they put forward two alternate arguments. First, they contend the BAP wrongly concluded that it could not rely on general bankruptcy policy to deny an exemption to a debtor who has intentionally concealed an asset. Second, they renew an argument, which was made before the bankruptcy court but was not presented to the BAP, that Ybarra is not entitled to an exemption under California law.
 
 
 6
 Addressing the second argument first, we conclude that Rockwell and the Trustee are too late in offering this alternative justification for the bankruptcy court's ruling. The appellants did not raise this argument before the BAP, and neither the bankruptcy court nor the BAP have addressed this issue. We decline to address the issue for the first time on appeal, preferring to instead allow the bankruptcy court to rule on the issue in the first instance.
 
 
 7
 We also reject the appellants' first contention. We agree with the BAP and conclude that the record as it currently exists is inadequate to support a denial of Ybarra's exemption on the basis of intentional concealment. On remand, the bankruptcy court may develop the record in order to assess whether under the facts of this case and the applicable federal law Ybarra forfeited any right to an exemption. Of course, on remand the bankruptcy court also may consider whether Ybarra's claim of exemption is proper under the California statute.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable B. Lynn Winmill, District Judge of the District of Idaho, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3